FLETCHER & BROTHERS *vs.* THOMAS SEEKELL.

The law exacts from masons, carpenters and other mechanics, and from all persons exercising any art or mystery, ordinary skill and care.

The opinion of experts may be given to enlighten, but not to control the judgments of a jury upon the evidence introduced.

The adoption of a mode of building at the recommendation of the builder does not render him responsible for its success, when his employers exercise their own judgment in the adoption ; *otherwise* if he agrees to be responsible.

Usage, to have the force of law, must be so universal that parties contract in reference to it, so that it forms a part of the contract.

Where in a brick building the mason-work is injured by the carpenter, it is the mason's duty to give notice of the injury in time for it to be remedied, or he will make himself liable for the proportion of the consequences justly attributable to his neglect.

ACTION on the case. The testimony for the plaintiffs was to the effect, that the defendant, who was a master mason, agreed with the plaintiffs, for a certain sum, to furnish the materials for and perform the mason work upon a mill which the plaintiffs were designing to build ; that the walls of the building were to be faced with brick and backed with sione ; and that, in pursuance of this contract, the defendant entered upon the construction of the mill and completed it. It further appeared, that during the progress of the work, and more particularly after the walls were built up to the third story, it was observed that the east wall of the mill had a slant inward and the west side a corresponding, though slighter, bulge outward. This defect increased as the building drew near its completion ; so much so, that according to the testimony of experienced carpenters, it was unfit to re-

ceive the roof, which was, however, put on.   When the defendant demanded payment for his work, the plaintiffs at first hesitated, but upon the strong assurance of the defendant that it would not swerve a hair further, they paid all they had agreed to pay in the contract.   The inclination of the walls, under the jarring movements of the machinery which was introduced into it, still increased, however, and to such a degree, that it was difficult to get hands to work in the mill, and many who had been engaged, refused to remain on account of the danger of its falling.   The plaintiffs were obliged in the end, to go to the expense of $3,500, in order effectually to remedy the fault ; besides something like $1,500, which they expended in removing and boxing up the machinery, and in trying unsuccessful expedients for preventing the sagging of the walls.

And the plaintiffs further put in evidence to show that the plan of facing the stone walls with brick was adopted upon the responsibility of the defendant.

The defence was, that the inclination of the walls was caused by the improper manner in which the beams for the upper floors were hoisted upon the mill and moved to their places.   The trial was chiefly prolonged by the accumulation of testimony upon this point, and the evidence in regard to it was somewhat perplexed and contradictory ; some of the witnesses stating that the mode of getting the beams on, adopted in this case, was the eligible mode, and others giving it as their opinion, that it would be likely to produce the result complained of, and that some less injurious mode might have been taken. Evidence was likewise given that the defendant notified the plaintiffs or their agent, Mr. Clapp, while the carpenters were engaged about the mill, that the walls had

Fletcher & Brothers *vs.* Thomas Seekell.

been bent by their mode of getting on the beams, and, also, that the plaintiffs, before it was put into the building, saw and approved of the stone which was used. The further facts necessary to the understanding of the case will be apparent from the charge.

AMES & PAYNE and POTTER, for the plaintiffs.

HAZARD & JENCKES and ROBINSON, for the defendant.

Chief Justice GREENE charged the Jury.

This is an action on the case for the breach of a contract. The plaintiffs allege that the defendant agreed to do the mason work in the construction of a mill and to furnish materials therefor, for which they paid him his own price ; that in consequence of an inclination in the east and west walls, the building was rendered useless for the purposes for which it was designed, and they claim, as damages, the sum of $5000, the amount actually expended in remedying the defect. The causes assigned by the plaintiffs for this defect are, that the stone employed in backing up this wall was too soft ; that the stone was improperly laid, there being too much mortar and too much sand in the mortar. The defendant denies that the stone were too soft or that they were not laid in good mortar with reasonable care and skill ; and these are questions of fact for you to determine. The law exacts from masons, carpenters and other mechanics, and, indeed, from all persons exercising any art or mystery, ordinary skill and care. It does not require the highest degree of these qualities, such as the most skilful and careful mechanics use, nor is it satisfied with the lowest degree or such as the most ignorant and careless exercise, for this would be gross negligence ; but it takes

the medium as the rule, that is, the average of skill and the average of care. The same rule applies to attorneys and physicians. The defendant does not deny that the walls of the building swerved to the west, but he says that this was not caused by his fault, but by the fault of the carpenter, Mr. Clapp. The defendant's account of the inclination is, that a wall built with brick facings naturally inclines towards the stone work—the stone work settling and the brick not—that in this case, this natural tendency was increased by the mode of hoisting on the beams and rolling them away, and that when once the cant had been given, the jar of the machinery would carry it over still farther. Had the carpenter done his duty, there would have been no difficulty; the original cause was in the getting on of the beams. Upon these points the opinions of experienced and intelligent mechanics, especially if they have had opportunities to examine this work, are entitled to great weight. But still you are to be guided by your own judgments, upon all the evidence, enlightened, indeed, but not controlled by their opinions. And if you think that the work was performed with reasonable care, considering its nature and the uses for which it was designed, then the defendant is not liable. If you think otherwise, he is answerable for the damage. Or it may be that, in your opinion, the difficulty is partly attributable to the mason and partly to the carpenter, and if so, you will apportion the damages and bring in a verdict for the proportion due from the defendant.

The plaintiffs further contend that, if the plan of facing a stone wall with brick is bad, in consequence of its tendency to lean, and that the leaning of this wall was not caused by any defect in the stone or mason work,

or by the fault of the carpenter, still the defendent ought to be held answerable, because the plaintiffs say, they adopted the brick facings upon his, the defendant's, recommendation and responsibility. This the defendant denies ; and this, too, is a question of fact for the jury. If the defendant suggested and recommended the brick facing, and it was understood by the parties to be upon his responsibility for damages, if not successful, then the defendant is answerable, if you find the brick facing was the cause of the defect. But if he was consulted by the defendants as they consulted other mechanics, and gave his advice, leaving the plaintiffs after all to act upon their own judgments, and they did so act, then the defendant ought not to be answerable.

But if the fault was in the carpenter, the plaintiffs further contend that the defendant, when he observed the inclination, should have stopped and remedied it before proceeding ; and they have put in the opinions of experienced men as evidence of usage to this effect. But usage is made not by opinions, but by the usual acts and conduct of men in a given class of cases. The usage in order to have the force of law must have been so universal, that the mason must have made this contract with reference to it, so that it formed a part of the contract. The law applicable to this part of the case is this : Mr. Seekell had a right to expect that the carpenter's work would be performed in the usual way and with ordinary skill and care, and to this extent the Fletchers are bound for the carpenter, Mr. Clapp. When Mr. Seekell found the wall swerving, it was his duty to give notice to Messrs. Fletchers or their agent, Mr. Clapp, and to allow them time to correct it ; and if they did not correct it, then he might go on and complete the

work without responsibility. But if no notice was given, although the fault originated with the carpenter, yet Seekell is answerable for the proportion justly attributable to him.

If, therefore, you think him without fault, in any of the particulars before stated, he is not responsible ; but if you think him in fault, either in regard to the whole of this difficulty, or in any particular, you will charge him with damages accordingly.

The jury disagree.